Filed 8/17/15  P. v. Godinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B259421 |
| Plaintiff and Respondent, | (Super. Ct. No. 1353476) (Santa Barbara County) |
| v. | |
| FRANK ADAM LIENDO GODINEZ, | |
| Defendant and Appellant. | |

Frank Adam Liendo Godinez appeals from the judgment entered after he pled guilty to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted a firearm enhancement (§ 12022.5, subd. (a)), a gang enhancement(§ 186.22, subd. (b)(1)), a prior strike conviction (§ 667, subds. (d) -(e); 1170.12, subd. (b)-(c)), a prior serious felony conviction (§ 667, subd. (a)), and a prison prior enhancement (§ 667.5, subd. (b)). Pursuant to the negotiated plea agreement, appellant was sentenced to twenty-six years state prison. Appellant was ordered to pay a $7,800 restitution fine (§ 1202.4, subd. (b)), a $7,800 parole revocation fine (§ 1202.45), a $40 court operations assessment fee (§ 1456.8), and a $30 conviction assessment fee (Gov. Code, § 70373).   .)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief raising no issues.

On June 30, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have received no response from appellant.

The record reflects that appellant, a Northwest gang member, shot and killed Michael Christie in 2005. Detectives could not prove appellant's involvement in the murder until 2011 when appellant was arrested for stabbing Joshua Cederlof. With respect to the 2005 shooting, appellant was charged with murder and use of and discharge of a firearm (count 1: §§ 187, subd. (a)); 12022.5, subd. (a)(1); 12022.53, subd. (d)). With respect to the 2011 stabbing, appellant was charged with attempted murder with use of a knife and infliction of great bodily injury (count 2: §§ 664/187, subd. (a); 12022, subd. (b)(1); 12022.7, subd. (a)), and active participation in a criminal street gang (count 3: § 186.22, subd. (a)). On counts 1 and 2, appellant was charged with a gang enhancement (§ 186.22, subd. (b)(1)), a prior strike (§§ 667, subds. (d)-(e); 1192.7, subds. (b)-(c)), a prior serious felony conviction (§ 667, subd. (a)(1)), and four prison prior enhancements (§ 667.5, subd. (b).) .)

Following four days of jury selection and four days of trial testimony, appellant entered into a negotiated plea agreement in which he pled guilty to voluntary manslaughter and admitted the firearm, gang, and prior conviction enhancements in exchange for a 26 year prison sentence. Before sentencing, appellant brought a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118) based on the theory that his court appointed attorney could have gotten a better plea bargain. After the trial court denied the *Marsden* motion, appellant brought a motion to withdraw his plea arguing, among other things, that a recent United States Supreme Court decision on warrantless cell phone searches (*Riley v. California* (2014) __ U.S. __ [134 S.Ct. 2473] would have benefited his defense. The record, however, showed that law enforcement obtained two search warrants to acquire appellant's cell phone records and call sector information. The trial

court denied the motion to withdraw the plea and sentenced appellant to the agreed upon term of 26 years state prison. Appellant filed a notice of appeal and a request for certificate of probable cause claiming, among other things, that the sentence was cruel and unusual punishment. The trial court denied the request for certificate of probable cause. (§ 1237.5, subd. (a).)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

3

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Appellant.

No appearance for Respondent.